**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Best Western International, Inc., | ) | No. CV 04-1194-PHX-SMM |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| 1496815 Ontario, Inc. et al., | ) ) | |
| Defendants. | ) ) ) | |

      Pending before the Court is Plaintiffs' Motion for Entry of Default Judgment against Defendant 1496815 Ontario, Inc. (Doc. 57), filed pursuant to Rule 55 of the Federal Rules fo Civil Procedure, and the Local Rules of this Court.

      Upon entry of default, a district court may enter default judgment under certain circumstances, except against an infant or incompetent unless represented by a general guardian, committee, conservator, or other individual who has appeared before the Court. FED. R. CIV. P. 55(b)(2). The district court's decision to enter default judgment is discretionary, and it is within the court's power to decline to enter default judgment in favor of a party whose claims are meritless. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980). When evaluating whether or not to enter default judgment, a district court may also consider, among other things, the sufficiency of the complaint, *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), the sum at stake, *Eitel v. McCool*, 782 F.2d

1470, 1472 (9th Cir. 1986), and whether the default was due to excusable neglect, *Id.* at 1472.

On September 14, 2007, the Clerk fo the Court entered the default of the Defendant 1496815 Ontario, Inc.  Despite this, the Court has yet to receive any type of responsive pleading from Defendant. The default established 1496815 Ontario, Inc.'s liability to Plaintiff.  The judgment sought by Plaintiff is supported by an itemized statement of legal services and costs, a Verified Complaint, an affidavit of Michael Helms, Plaintiff's attorney, and an affidavit of Cheryl Pollack, Director of Member Services at Best Western International, Inc.

The Court finds that because the damages are easily ascertainable from the Verified Complaint, liquidated damages set forth in the Membership Agreement, and the affidavits on record,  no evidentiary hearing is necessary.

As to the injunction, Section 502(a) of the Copyright Act specifically provides for injunctive relief to prevent continued infringement. "Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant...final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright. 17 U.S.C. § 502(a).

Here, Plaintiff alleges that Defendant's infringing conduct is causing irreparable injury and cannot fully be compensated or measured in money.  Moreover, they allege that they are certain to suffer continued injury in the future unless the Court enjoins the Defendant's from continuing to infringe on Plaintiff's copyrights.

The Court finds that Plaintiff has meritorious claims, to the amount requested in its motion, and the default by Defendant was not apparently due to excusable neglect, as it had notice of the instant lawsuit.  Therefore, default judgment against Defendant 1496815 Ontario and in favor of Plaintiff will be entered accordingly.

Based upon Plaintiffs' Motion For Default Judgment, and good cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. On Counts I and II of the Complaint in the amount of $60,069.95, plus interest thereon at the rate of 1.5% per month from and after October 1, 2007;
2. On Count III of the Complaint in the amount of $207,218.39;
3. On Counts V, VI, VII, VIII, IX, X, and XI, that Defendant and its officers, agents, servants, employees, and attorneys and those persons in active concert or participation with said defendant be enjoined from:

    A. Making use of the Best Western Marks, any colorable imitation thereof, or any other confusingly similar marks;

    B. Displaying, authorizing, licensing, or assisting, or facilitating any other person's entity's use of display of the Best Western Marks or any colorable imitation thereof;

    C. Use anything consisting of or incorporating any one or more words, letters, designs, or devices that contain any component of the Best Western Marks, or which singly or together are similar in spelling, sound, appearance, or in any other manner to the Best Western Marks;

    D. Directing Defendant and any other persons and entities acting on behalf of or in concert with Defendant, to immediately and permanently remove all Best Western Marks used on the premises of, or in reference to, the Hotel including (without limitation) any road signs, wall signs, or any other display or item bearing any of the Best Western Marks;

E.  Ordering Defendant to permit Best Western to remove and infringing signs, displays, or items from the hotel, and awarding Best Western all reasonable and necessary costs of such removal from Defendant (in addition to whatever penalties the Court may impose on Defendant for failing to comply with the Court's order to remove any infringing signs, displays, or items from the Hotel), if Defendant does not remove such signs, displays, or items from the Hotel within ten (10) days of the injunction issued pursuant to the foregoing;

F.  Enjoining Defendant and any other persons and entities acting on behalf of or in concert with Defendant from applying for, pursuing, or owning and applications or registrations, including without limitation any domain names, business names, corporate names, trade names, trademarks, service marks, or d/b/as that contain any component of the Best Western Marks, any colorable imitation thereof, or any confusingly similar Marks;

G.  Ordering Defendant and any other persons and entities acting on behalf of or in concert with Defendant, to immediately assign the ownership of any application or registration that contains any component of the Best Western Marks, any colorable imitation thereof, or any other confusingly similar Marks to Best Western, or, alternatively, to file all documents necessary to effectuate Defendant's abandonment of such applications or registrations;

H.  Ordering Defendant and any other persons and entities acting on behalf of or in concert with Defendant, to immediately notify all

- 4 -

advertisers, search engines, and providers of related services that Defendant's Hotel is not affiliated with Best Western and is required to cause the cessation of all advertising and distribution of promotional material containing any of the Best Western Marks, any colorable imitation thereof, or any confusingly similar marks, and enjoining Defendant from using any such marks (or any imitations or marks confusingly similar thereto) anywhere on the Internet or elsewhere, including without limitation any use on or with any websites, domain names, metatags, key words, banner ads, or search engines;

I. Directing Defendant to file with this Court and serve on Best Western within ten (10) days after service of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with such injunction.

4. On all Counts of the Complaint, for Plaintiff's reasonable attorneys' fees and expenses incurred herein in the amount of $25,837.60.

DATED this 19th day of November, 2007.

_____
Stephen M. McNamee
United States District Judge